IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME SMITH, #14001019,   § | | |
| Petitioner,   § | | |
| § | | |
| v.   § | | 3:14-CV-3233-N-BK |
| § | | |
| LUPE VALDEZ, Dallas County Sheriff,   § | | |
| Respondent.   § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be dismissed without prejudice for want of jurisdiction, as it is now moot.

**I. BACKGROUND**

On September 8, 2014, the Court liberally construed Petitioner's claim of a speedy trial violation (raised in his *pro se* civil rights complaint) to raise a pretrial habeas claim under section 2241, and thus ordered it severed and filed in this action. [Doc. 3]. Petitioner then filed an amended habeas petition, asserting a speedy trial claim in connection with his pending charge of burglary of a building. [Doc. 9 at 2-3, 5; Doc. 10 at 1]. On October 10, 2014, however, he pled guilty to the burglary charge and was sentenced to 300 days confinement. *See State v. Smith*, No. F14-11159 (Criminal District Court No. 6, Oct. 10, 2014) (online docket sheet available through the Dallas County website).[1]

---

[1] Petitioner has been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institution Division, to begin serving his sentence. However, he has not submitted a change of address to the Clerk of the Court.

## II. ANALYSIS

The Court must examine whether it continues to have jurisdiction over the instant action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty,* 445 U.S. at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Here, Petitioner's conviction renders moot the relief sought in his pretrial habeas petition. *See Yohey v. Collins,* 985 F.2d 222, 228-229 (5th Cir. 1993) (a petitioner's subsequent conviction moots his pretrial claims for federal habeas relief). Petitioner is no longer a pretrial detainee having pled guilty and been convicted of the charged offense. Thus, it is unnecessary to resolve the speedy trial issue and his petition should be dismissed as moot. *See Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988) (habeas action requesting release from pretrial confinement became moot following the petitioner's conviction).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of jurisdiction due to mootness.

SIGNED November 4, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE